UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON, | No. 2:22-cv-0727-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES (FBI), | |
| Defendant. | |

Plaintiff, who proceeds without counsel, initiated this action on April 28, 2022 with a complaint and motion to proceed in forma pauperis. (ECF Nos. 1, 2.) On May 11, 2022 plaintiff filed a notice informing the court he "may have to amend this suit." (ECF No. 3 at 1.) On May 16, 2022, plaintiff filed a motion requesting a preliminary injunction. (ECF No. 4.) These matters are before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

**I.   In Forma Pauperis**

Plaintiff's application in support of his motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. (ECF No. 2.) The motion will be granted.

**II.   Screening Requirement and Pleading Standards**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

### III. Screening of the Complaint

#### A. Plaintiff's Allegations

The brief complaint alleges the FBI has abused its authority and used unlawful tactics that violated plaintiff's rights. (ECF No. 1 at 2.) The specific factual allegations underlying plaintiff's claims are difficult to discern. Plaintiff alleges "[u]nknown agent(s) incited OGS to target me, stalk and invade my privacy." (Id. at 2-3.) And further, "it's not about a crime it's about ruining my reputation, destroying my business and all sorts of other disruptive strategies…." (Id. at 3.)

2

For relief, plaintiff seeks monetary damages and an order preventing the FBI from contacting him, retaliating, or taking other disruptive actions. (Id. at 4.)

### B. Jurisdiction not Established

Plaintiff's complaint purports to bring claims for damages against an agency of the United States, the FBI, as the sole defendant. However, the allegations therein fail to establish this court's subject matter jurisdiction.

Claims against the United States and its agencies are generally barred by the doctrine of sovereign immunity. See Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001). A lawsuit against an agency of the United States (or against an officer of the United States in his or her official capacity) is considered an action against the United States. See id.; Balser v. Dep't of Justice, 327 F.3d 903, 907 (9th Cir. 2003) (holding that sovereign immunity protects the Department of Justice). As a sovereign, the United States is immune from suit unless it has waived that immunity. United States v. Mitchell, 463 U.S. 206, 212 (1983). In short, plaintiff's claims against the FBI for damages for violations of his constitutional rights are barred by the doctrine of sovereign immunity. See Thomas–Lazear v. F.B.I., 851 F.2d 1202, 1207 (9th Cir. 1988) ("the United States has not waived its sovereign immunity in actions seeking damages for constitutional violations"); see also F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994) ("Meyer") (declining to recognize a direct action for damages against federal agencies).

### C. No Bivens Claim Stated

Plaintiff's complaint is presented on a form for a "Bivens" action. As plaintiff has previously been informed, see e.g., Johnson v. United States (FBI), No. 2:21-cv-0959-JAM-CKD, ECF Nos. 3, 7, 13, a "Bivens" action seeking damages for deprivation of plaintiff's rights would only lie against an *individual officer* of the FBI. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); Meyer, 510 U.S. at 484-86 (holding that Bivens action lies against federal agents, but not federal agencies). Plaintiff's complaint has not named any individual officers as defendants. Accordingly, the complaint fails to state a Bivens claim. Plaintiff will have an opportunity to amend.

////

Any amended complaint must assert with some degree of specificity what overt acts the individual officer engaged in and how plaintiff was harmed. See Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy but even a pro se complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff is cautioned that the allegations in the present complaint do not satisfy the requisite Rule 8 standard; they are far too vague to state a claim even if plaintiff had named an individual FBI officer.

In any amended complaint, plaintiff must identify his specific constitutional right(s) that were violated. To support a claim for money damages, the alleged constitutional violations identified must be of the type for which a Bivens damages remedy is available. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1857-58 (2017) ("Abbasi"). The Supreme Court has recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments. Id. at 1860; see also Quiroz v. United States, No. 1:21-CV-00364-AWI-SAB-PC, 2021 WL 3772007, at *3 (E.D. Cal. Aug. 25, 2021) (explaining that the category of constitutional violations for which a Bivens damages remedies lies is narrow). If a Bivens claim is "meaningful[ly]" different from the Supreme Court's previous Bivens cases, then the context is "new" and a court must consider whether the Bivens remedy should be extended to that new context. See Abbasi, 137 S. Ct. at 1857 (establishing a two-part test for whether a Bivens claim may proceed). The Supreme Court counsels great caution in extending Bivens remedy to "new" contexts.  See Quintero Perez v. United States, 8 F.4th 1095, 1104 (9th Cir. 2021) (quoting Hernandez v. Mesa, 140 S. Ct. 735, 743 (2020).

For the reasons set forth, the complaint fails to establish the court's jurisdiction and fails to state a claim. Plaintiff will be granted leave to file an amended complaint under the guidelines set forth above.

////

### IV.  Motion for Preliminary Injunction

Plaintiff's motion seeking a preliminary injunction asserts the FBI is breaking the law while investigating plaintiff and making false and misleading communications to the public at large. (ECF No. 4 at 2.) Plaintiff seeks to "stop the illegal actions of the FBI" and "stop the lies that will cause irreparable damage [and] get [plaintiff] killed." (Id. at 3.)

This motion cannot be considered because plaintiff has not complied with the procedural requirements for seeking a preliminary injunction, as set forth in Local Rule 231 and Federal Rule of Civil Procedure 65. "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Local Rule 231(d) requires all motions for preliminary injunction to be (1) noticed for hearing on an available calendar date, and (2) accompanied by "(i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond." Plaintiff has not provided the required supporting documents for a motion for preliminary injunction. Moreover, in light of the instant screening order, there is currently no active complaint and no served defendant in this case. The court cannot consider a request for preliminary injunction unless and until the subject defendant has been served with the complaint and notified of the motion. Accordingly, plaintiff's motion for preliminary injunction is vacated, without prejudice to renewal (in conformance with the above rules) after (1) the filing of a complaint that states a claim for relief, and (2) service of the complaint on the subject defendant(s).[1]

////

---

[1] To the extent plaintiff might be seeking a temporary restraining order without notice to the adverse party, the motion also does not meet the strict requirements for such relief. See Fed. R. Civ. P. 65(b) (temporary restraining order may issue without notice only if (A) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (B) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required"); E.D. Cal. L.R. 231(a) ("Except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice.").

### V.     Conclusion and Order

The court's own records reflect that plaintiff has previously attempted to raise similarly vague claims against the FBI as the sole defendant in prior cases and has not been able to state a cognizable claim. See Johnson v. United States (FBI), No. 2:21-cv-0959-JAM-CKD; Johnson v. FBI, No. 2:20-cv-2214-TLN-DB; Johnson v. FBI, No. 2:21-cv-2359-JAM-EFB; see also United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases"). Nevertheless, plaintiff will be granted an opportunity to amend in the event he believes he can state a cognizable claim under the guidelines set forth herein. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); Fed. R. Civ. P. 15(a). An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's motion for a preliminary injunction (ECF No. 4) is VACATED.

3. Plaintiff's complaint (ECF No. 1) is DISMISSED for failure to state a claim.

4. Plaintiff's notice to the court (ECF No. 3) is construed as a request for leave to file an amended complaint, and, so construed, is GRANTED.

5. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated:  May 20, 2022

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Johnson22cv727.scrn